**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DONALD MORTON** | **CIVIL ACTION** |
| **versus** | **NO. 13-562** |
| **WARDEN JEFF WINDHAM** | **SECTION: "E" (1)** |

**REPORT AND RECOMMENDATION**

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE**.

Petitioner, Donald Morton, is a state prisoner incarcerated at the Lasalle Correctional Center, Olla, Louisiana. On August 23, 2011, he was convicted under Louisiana law of possession

with intent to distribute cocaine.[1] On September 28, 2011, he was sentenced to a term of fifteen years imprisonment without benefit of parole, probation, or suspension of sentence.[2] On May 31, 2012, the Louisiana Fifth Circuit Court of Appeal affirmed his conviction, amended his sentence to reflect that only the first two years were to be served without benefit of parole, probation, or suspension of sentence, and remanded the matter to the district court for correction of the order of commitment.[3] On July 11, 2012, the district court resentenced petitioner in conformity with the Court of Appeal's judgment.[4] The Louisiana Supreme Court then denied his related writ application on January 18, 2013.[5]

On February 12, 2013, petitioner filed the instant application for federal *habeas corpus* relief.[6] In support of his application, he asserts the following claims:

1. Petitioner was subjected to an unreasonable search and seizure in violation of the Fourth Amendment;[7]

---

[1] State Rec., Vol. III of V, transcript of August 23, 2011, p. 282; State Rec., Vol. II of V, minute entry dated August 23, 2011.

[2] State Rec., Vol. III of V, transcript of September 28, 2011; State Rec., Vol. II of V, minute entry dated September 28, 2011.

[3] State v. Morton, 97 So.3d 1034 (La. App. 5th Cir. 2012) (No. 12-KA-27); State Rec., Vol. V of V.

[4] State Rec., Vol. I of V, minute entry dated July 11, 2012.

[5] State v. Morton, 107 So.3d 625 (La. 2013) (No. 2012-KO-1476); State Rec., Vol. I of V.

[6] Rec. Doc. 1.

[7] Rec. Doc. 1, p. 5.

2. Petitioner received ineffective assistance of counsel on appeal;[8] and

3. Petitioner's right to judicial review was violated because the record on appeal was incomplete.[9]

The state concedes that the federal application is timely but argues that the application must be dismissed because petitioner failed to exhaust his remedies in the state courts.[10] The state is correct.

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quotation marks omitted). The United States Supreme Court has explained:

> The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution. Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

---

[8] Rec. Doc. 1, p. 7.

[9] Rec. Doc. 1, p. 8.

[10] Rec. Doc. 7.

Rose v. Lundy, 455 U.S. 509, 518 (1982) (citations, footnote, quotation marks, and brackets omitted).

"To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts." Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (quotation marks omitted). That requirement applies to *all levels of review* in the state court system, meaning that a petitioner's federal claim must have been "fairly presented" to "*each* appropriate state court (including a state supreme court with powers of discretionary review)." Baldwin, 541 U.S. at 29 (emphasis added). Moreover, the claim must have been presented "in a procedurally proper manner according to the rules of the state courts." Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988) (quotation marks omitted); see also Carty v. Thaler, 583 F.3d 244, 254 (5th Cir. 2009) ("Fair presentation does not entertain presenting claims for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor. The purposes of the exhaustion requirement would be no less frustrated were we to allow federal review to a prisoner who had presented his claim to the state court, but in such a manner that the state court could not, consistent with its own procedural rules, have entertained it." (citation and quotation marks omitted)).

Applying those guiding principles, it is clear that petitioner's claims are unexhausted. For example, he has never presented his claims that his appellate counsel was ineffective and that the appeal record was incomplete to the state district court. Moreover, he has never presented *any* of the three instant claims to the Louisiana Fifth Circuit Court of Appeal; rather, on direct appeal, he argued *only* that "[t]he evidence was insufficient to support this conviction beyond a reasonable

doubt."[11] Although the three claims were arguably presented to the Louisiana Supreme Court in his subsequent related writ application,[12] that is insufficient, especially in that at least two of the claims were presented to that court in the first instance. See, e.g., Carson v. Cooper, Civ. Action No. 12-0872, 2012 WL 3597119, at *7 (E.D. La. July 27, 2012), adopted, 2012 WL 3597116 (E.D. La. Aug. 20, 2012); Brown v. Jones, Civ. Action No. 3:10-cv-1885, 2011 WL 6330654, at *5-7 (W.D. La. Nov. 21, 2011), adopted, 2011 WL 6369881 (W.D. La. Dec. 15, 2011); Stevenson v. Cain, Civ. Action No. 06-1244, 2006 WL 2850167, at *2 n.18 (E.D. La. Oct. 4, 2006).

Because petitioner has not yet fairly presented his claims to *each* appropriate state court in a procedurally proper manner, they are clearly unexhausted. As a result, even if the any of the claims had merit, which is an issue that this Court need not and does not reach, relief could not be granted. See Mercadel v. Cain, 179 F.3d 271, 277 (5th Cir. 1999) ("[A]bsent the applicability of an exception to the exhaustion requirement, a federal court lacks the authority to grant habeas relief on an unexhausted claim.").

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition of **Donald Morton** for federal *habeas corpus* relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after

[11] State Rec., Vol. III of V, appeal brief, p. 5.

[12] State Rec., Vol. V of V, writ application.

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[13]

New Orleans, Louisiana, this twenty-fifth day of June, 2013.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

13 Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.